IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HOWARD DAVID REINERT,**

      **Plaintiff,**

v.                                                                                       CIV No. 14-0381 LAM

**NANCY A. BERRYHILL, Acting Commissioner**
**of the Social Security Administration,**

      **Defendant.**

# ORDER GRANTING PLAINTIFF'S MOTION FOR SECTION 406(b) FEES

**THIS MATTER** is before the Court on Plaintiff's *Motion for an Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) With Supporting Memorandum* *(Doc. 31)* (hereinafter "motion"), filed January 6, 2017, requesting attorney fees in the amount of $10,782.70.  On January 20, 2017, Defendant filed a response to the motion, stating that "the Commissioner is not a party to § 406(b) fee awards and generally takes no position on such petitions.  To the extent the Court requires a response, the Commissioner has no objection to the motion in this case."  [*Doc. 32* at 1].  Plaintiff did not file a reply to Defendant's response and, on January 23, 2017, filed a notice that briefing of the motion was complete.  [*Doc. 33*].  Having considered the motion, response, relevant law, the record in this case, and being otherwise fully advised, the Court finds that the motion should be **GRANTED**.

Plaintiff filed his complaint in this action on April 24, 2014 (*Doc. 1*) and his motion to reverse and remand (*Doc. 19*) on November 4, 2014.  After one extension of the time to file a response to the motion to remand (*Doc. 22*), Defendant filed a response on January 30, 2015

(*Doc. 24*).  Plaintiff filed a reply in support of the remand motion on February 14, 2015. [*Doc. 25*].  On July 6, 2015, the Court granted Plaintiff's motion and remanded the case to the Commissioner for further proceedings.  [*Doc. 27*].  On October 5, 2015, Plaintiff filed a stipulated motion for attorney fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter, "EAJA"), in the amounts of $2,594.40 in fees and $419.44 in costs..  [*Doc. 29*].  Plaintiff's EAJA motion was granted by this Court on October 15, 2015, in the amounts requested.  [*Doc. 30*].

On February 26, 2016, Plaintiff received a fully favorable decision from the Social Security Administration (hereinafter, "SSA").  [*Doc. 31-1* at 1].  A May 18, 2016 "Notice of Change in Benefits" indicates that Plaintiff's past-due disability insurance benefits (hereinafter "DIB") total $67,130.80 for the period from November 2011 through February 2016.  [*Doc. 31-4* at 1].  The notice also indicates that 25% of the past-due benefits, or $16,782.70, had previously been withheld from the total DIB amount for payment of Plaintiff's counsel.  *Id*.  Finally, the notice indicates that the amount of $16,042.00 also would be withheld from the remaining DIB balance of $50,348.10, because Plaintiff had received supplemental security income (hereinafter "SSI") benefits in the period from May 2014 through May 2016, and the "total SSI and [DIB] monthly payment [cannot be] more than it would have been if the [DIB] benefits had been paid on time."  *Id*.  Therefore, the notice indicates that Plaintiff would be paid the amount of $34,306.10 for past-due DIB.  *Id*.  On November 26, 2016, Plaintiff was notified that, pursuant to 42 U.S.C. § 406(a), the SSA had approved a fee in the amount of $6,000 for time spent by Plaintiff's attorney representing him before the agency, which fee would be paid from the $16,782.70 that had been previously withheld.  [*Doc. 31-2* at 1].  Pursuant to 42 U.S.C. § 406(b), and a prior contingent fee agreement with Plaintiff (*Doc. 31-3*), Plaintiff's counsel now requests

attorney's fees in the amount of $10,782.70 for time spent representing Plaintiff before this Court. [*Doc. 31* at 1]. Together, the § 406(a) and § 406(b) fee awards would total $16,782.70, which is 25% of the $67,130.80 past-due benefits awarded to Plaintiff by the SSA.

Plaintiff's counsel is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 406(b) even though Plaintiff's past-due benefits were obtained following remand to the Commissioner. *See McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006) ("[W]hen the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits[,] [w]e conclude that § 406(b)(1) does permit an award of counsel fees under these circumstances[.]"). The Court must ensure that the attorney's fees awarded to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b)(1) are reasonable. *See Wrenn v. Astrue*, 525 F.3d 931, 938 (10th Cir. 2008). Additionally, an attorney's fee award under Section 406(b) for court representation may not exceed twenty five percent of the past-due benefits awarded to Plaintiff, payable "out of, and not in addition to, the amount of such past-due benefits." *See* 42 U.S.C. § 406(b)(1)(A).

Here, Plaintiff's counsel states that the amount of the fee award sought under Section 406(b), *i.e.*, $10,782.70, does not exceed twenty-five percent of the past-due benefits awarded to Plaintiff. *See* [*Doc. 31* at 4]. The record indicates that Plaintiff's counsel provided quality representation to Plaintiff and was not responsible for any delay in the resolution of this matter, and that Plaintiff's counsel expended at least 14.5 hours representing Plaintiff before this Court. *See* [*Doc. 31-5* at 3-5]. The record further indicates that Plaintiff and his counsel entered into a contingent fee agreement that provides that the attorney's fees for Plaintiff's counsel would be twenty-five percent (25%) of any past-due benefits awarded either by the Court or by the SSA following remand by the Court. *Id.* at 21. The Court finds that the amount of past-due benefits

awarded to Plaintiff was not so large in comparison to the time expended by his counsel as to require a further reduction of fees.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002) (explaining that the court should consider whether "the benefits are large in comparison to the amount of time counsel spent on the case").  In addition, the Court finds that there has been no undue delay in the filing of this motion for Section 406(b)(1) fees, and it was filed within a reasonable time after the Commissioner's decision awarding past-due benefits.  *See McGraw*, 450 F.3d at 505 ("A motion for award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits.") (citation omitted).  The Commissioner's decision awarding past-due benefits was issued May 18, 2016, the decision to award Plaintiff's counsel a fee of $6,000.00 under § 406(a) was issued on November 26, 2016, and this motion was filed January 6, 2017, which the Court finds reasonable.  *See id.* (stating that decisions on motions for Section 406(b) fees "are committed to the district court's sound discretion") (citation omitted); *see also Early v. Astrue,* No. 07-6294, 295 Fed. Appx. 916, 918-19, 2008 WL 4492602 (10th Cir. Oct. 8, 2008) (unpublished) (upholding the district court's decision that a fifteen-month delay in filing a motion for Section 406(b) fees after the Commissioner's decision awarding past-due benefits was unreasonable).  Finally, the Court finds that the attorney's fees in the amount of $10,782.70 requested by Plaintiff's counsel pursuant to 42 U.S.C. § 406(b) are reasonable.

Because the amount of the attorney's fees awarded Plaintiff pursuant to the EAJA, *i.e.*, $2,594.40, was smaller than the amount of the attorney's fees to be awarded Plaintiff's counsel pursuant to 42 U.S.C. § 406(b), *i.e.*, $10,782.70, the amount of the EAJA fees must be refunded to Plaintiff.  *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees under § 406(b) out of the claimant's past-due Social Security

4

benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"). Although Plaintiff's counsel states that he will reimburse the EAJA fees of $2,594.40 to Plaintiff, he also states that he intends to deduct from those fees the amounts of "$1,174.78 for the 7% sales tax and $18.75 for advanced costs for medical records," citing his contingent fee agreement with Plaintiff. [*Doc. 31* at 1-2]. However, there is no legal basis for such deductions from a § 406(b) award. Awards made under the EAJA may include both "reasonable fees and expenses of attorneys" (28 U.S.C. § 2412(a)(3)), unlike § 406(b), which only allows awards of "a reasonable fee" (42 U.S.C. § 406(b)(1)(A)). Because of this, Plaintiff was awarded fees, in the amount of $2,594.40, as well as costs, in the amount of $419.44, under the EAJA. [*Doc. 29*]. Under *Gisbrecht*, Plaintiff is entitled to a refund in "the amount of the smaller fee." 535 U.S. at 796. Nothing in *Gisbrecht*, 28 U.S.C. § 2412, or 42 U.S.C. § 406(b) authorizes reduction of that fee amount for sales tax or additional costs. Additionally, § 406(b) does not provide for an award of costs and, therefore, it would be inappropriate for this Court to award additional costs under that provision, as well.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Attorney Fees (Doc. 32)* be **GRANTED** and Plaintiff's counsel be awarded attorney's fees in this matter in the amount of **$10,782.70**, pursuant to 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that, upon payment of the Section 406(b) fee, Plaintiff's counsel shall promptly refund to Plaintiff **the entire amount** of attorney's fees previously awarded in this matter under the EAJA, in the amount of **$2,594.40**.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

5